[Crim. No. 359.   Fourth Appellate District.—February 10, 1938.]

## THE PEOPLE, Respondent, v. ALFRED HENRY, Appellant.

50

A. L. Wissburg for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment and from an order denying defendant's motion for new trial after conviction of the crime of assault with a deadly weapon. Defendant was sentenced to confinement in the county jail of Riverside County for a period of sixty days.

Defendant urges that the evidence does not support the verdict and judgment and complains of instructions given at the request of the district attorney.

The information charges that the assault was committed with a knife. No one saw any knife used and defendant denied having had one, or any other weapon during his altercation with S. L. McCoy, the complaining witness. He had a ring on a finger of the hand with which he struck McCoy and argues that the wounds were either caused by this ring or by his finger-nails.

McCoy had three wounds on his person which had been inflicted by defendant. One was a cut on his chest. The sweater worn by McCoy was cut over the place of this wound. There was another cut on McCoy's chin and a third on his neck. This last cut went rather deep into the neck muscles and was quite long. The physician who dressed the wounds testified that the cuts were clean and had been made by some sharp-edged instrument such as a knife or a razor.

McCoy exhibited the scars of his wounds to the jury. The appearance of these scars was evidence of considerable importance. If the edges appeared smooth this fact would justify the inference that the wounds had been made with a sharp instrument such as a knife. The scars are not described in the record. We must, therefore, assume, in support of the judgment, that their nature supported the conclusion of the jury that they had been made with a knife.

We have studied the instructions and find nothing so prejudicially erroneous in any of them as to justify a reversal of the judgment.

The judgment, and the order denying the motion for new trial, are affirmed.

Barnard, P. J., concurred.